UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

Antonella V. Suarez
and other similarly situated
individuals,

     Plaintiff (s),

v.

Cuscatlan Restaurant LLC,
Salvador Carbajal
and Maria Luz Galdamez,
Individually,

     Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
### (OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Antonella V. Suarez by and through the undersigned counsel, and hereby sues Defendants Cuscatlan Restaurant LLC, Salvador Carbajal, and Maria Luz Galdamez, individually, and alleges:

Jurisdiction Venues and Parties

1.  This is an action to recover money damages for unpaid minimum, wages, and overtime compensation, under the United States laws. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219,

§ 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiff Antonella V. Suarez is a resident of Lehigh Acres, Lee County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Cuscatlan Restaurant LLC (hereinafter Cuscatlan Restaurant, or Corporate Defendant) is a Florida Corporation having place of business in Lee High Acres, Lee County, within the jurisdiction of this Court. At all times, Defendant was and is engaged in interstate commerce 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. Individual Defendants Salvador Carbajal and Maria Luz Galdamez are the owners/partners/officers and managers of Defendant Corporation  Cuscatlan Restaurant. These Individual Defendants are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Lehigh Acres, Lee Florida, within the jurisdiction of this Court.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants minimum wages and overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after November 2021, (the "material time") without being compensated minimum overtime wages pursuant to the FLSA.

7. Defendant Cuscatlan Restaurant is a Central American/Salvadorean café/restaurant opened 7 days a week. The business is located at 5612 8th ST W Lehigh Acres, Lee County 33971, where Plaintiff worked.

8. Defendants Cuscatlan Restaurant, Salvador Carbajal, and Maria Luz Galdamez employed Plaintiff Antonella V. Suarez as a non-exempted, full-time, hourly restaurant employee, from November 19, 2021, through May 13, 2022, or 25 weeks.

9. Plaintiff was hired as a waitress, and she was paid at the rate of $6.00 an hour plus tips. The Florida minimum wage for the relevant time of employment is $6.98 an hour.

10. During her time of employment with Defendants Plaintiff had an irregular schedule, but she always worked 6 days per week.  Usually,  Plaintiff had Wednesday off, and she worked Monday, Tuesday, Thursday, and Friday from 9:00 AM to 4:00 PM (7 hours daily). On Saturdays, Plaintiff worked from 9:00 AM to 9:00 PM (12 hours), and on Sundays, she worked from 9:00 AM to 4:30 PM (7.5 hours). Plaintiff worked a total of 47.5 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

11. Plaintiff worked regularly and consistently 47.5 hours weekly, but she was paid only for 40 regular hours at the rate of $6.00 Plus her tips, but she was not paid for overtime hours.

12. Plaintiff clocked in and out, and Defendants were able to check the number of hours worked by Plaintiff and other similarly situated individuals.

13. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

14. Regarding her regular rate as tipped employee, Defendants failed to pay Plaintiff the required minimum cash wage rate of $6.98. Defendants paid Plaintiff $6.00 an hour. Thus, Plaintiff is entitled to a full minimum wage.

15. Defendants also failed to establish a valid tip pooling agreement by retaining from Plaintiff's daily tips, the 8% to be shared with the owners and managers of the business. Plaintiff was required to turn over the 8% of their daily tips to her managers. Thus, Defendants are not entitled to use the benefits of Section 3 (m) by taking a tip credit towards its minimum wage obligation.  Plaintiff must be paid the full minimum wage rate for every regular hour that she worked for Defendants.

16. Furthermore, Plaintiff was hired as a waitress and she was a tipped employee earning $6.00 an hour, less than the required minimum wage for tipped employees.  However, while employed by Defendants, every day Plaintiff performed many hours of non-tippable general restaurant and janitorial work. Plaintiff had duties in the cash register, as a dishwasher, cleaning bathrooms, mopping floors, cleaning windows, cleaning appliances, taking phone orders, packing food orders for takeout, and delivery, preparing coffee and juices, and re-stocking supplies. These non-tippable activities were not incidental to Plaintiff's position as a waitress and represented about 40% of Plaintiff's working hours. Every week, Plaintiff spent more than 18 hours performing non-tippable activities the activities that were incorrectly paid at the rate of $6.00.

17. Plaintiff is entitled to receive full minimum wages for at least 18 hours for every week that she worked for Defendants.

18. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

19. Plaintiff was paid bi-weekly strictly in cash, without any paystub or record showing the number of days and hours worked, wage rate paid, and employee taxes withheld. Plaintiff had no access to check her number of hours worked.

20. On or about May 13, 2022, Plaintiff was fired by Defendant Maria Luz Galdamez due to discriminatory reasons. Plaintiff is in the process of filing her Charge of Discrimination with the U.S Equal Employment Opportunity Commission (EEOC).

21. Plaintiff seeks to recover regular wages and overtime hours, liquidated damages, as well as any other relief as allowable by law.

22. Plaintiff has retained the law offices of the undersigned attorney to represent her individually and on behalf of the asserted class in this action and is obligated to pay reasonable attorneys' fees and costs.

23. liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

24. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement.

25. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for regular wages and overtime compensation at the rate of time and one-half her regular rate.

26. This action is intended to include any restaurant employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

27. Plaintiff Antonella V. Suarez re-adopts every factual allegation as stated in paragraphs 1-13 and 19-26 above as if set out in full herein.

28. Defendant Cuscatlan Restaurant was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Salvadorean restaurant. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

29. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by handling credit card transactions. In addition, Plaintiff regularly handled and worked on goods and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

30. Defendants Cuscatlan Restaurant, Salvador Carbajal and Maria Luz Galdamez employed Plaintiff Antonella V. Suarez as a non-exempted, full-time, hourly restaurant employee, from November 19, 2021, through May 13, 2022, or 25 weeks.

31. Plaintiff was hired as a waitress, and she was paid at the rate of $6.00 an hour plus tips. The Florida minimum wage for the relevant time of employment is $6.98 an hour.

32. During her time of employment with Defendants Plaintiff had an irregular schedule, but she always worked 6 days per week.  a total of 47.5 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

33. Plaintiff worked regularly and consistently 47.5 hours weekly, but she was paid only for 40 regular hours at the rate of $6.00 Plus her tips, but she was not paid for overtime hours.

34. Plaintiff clocked in and out, and Defendants were able to check the number of hours worked by Plaintiff and other similarly situated individuals.

35. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

36. Plaintiff was paid bi-weekly strictly in cash, without any paystub or record showing the number of days and hours worked, wage rate paid, and employee taxes withheld. Plaintiff had no access to check her number of hours worked.

37. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief. Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

38. Plaintiff is not in possession of time and payment records. Still, before the completion of discovery, she will provide a good faith estimate of unpaid overtime wages based on her best knowledge. Later, Plaintiff will adjust her statement of claim according to discovery.

39. *Florida's minimum wage is higher than the federal minimum wage. Therefore, as per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid O/T wages</u>:

Two Thousand Eight Hundred Twelve Dollars and 50/100 ($2,812.50)

b. <u>Calculation of such wages</u>:

Total weeks of employment:  25 weeks
Total relevant number of weeks: 25 weeks
Total hours worked: 47.5 weekly
Unpaid O/T hours: 7.5 O/T hours weekly
Regular rate: $6.00 an hour
Florida Minimum Wage: $10.00 x 1.5=$15.00
O/T rate: $15.00

$O/T $15.00 x 7.5 O/T hours=$112.50 weekly x 25 weeks=$2,812.50

c. <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents unpaid overtime wages.

40. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

41. At the times mentioned, individual Defendants Salvador Carbajal and Maria Luz Galdamez, were the owners/partners, and they directed operations of

Cuscatlan Restaurant. Defendants Salvador Carbajal and Maria Luz Galdamez, were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of Cuscatlan Restaurant concerning its employees, including Plaintiff and others similarly situated. Defendants Salvador Carbajal and Maria Luz Galdamez had financial and operational control of the business, provided Plaintiff with her work schedule, and they are jointly and severally liable for Plaintiff's damages.

42. Defendants knew and showed a reckless disregard of the Act's provisions concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

43. Defendants Cuscatlan Restaurant LLC Salvador Carbajal and Maria Luz Galdamez, willfully and intentionally refused to pay Plaintiff Antonella V. Suarez overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

44. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hiring to her last day of employment.

45. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

## Prayer for Relief

WHEREFORE, Plaintiff Antonella V. Suarez and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Antonella V. Suarez and other similarly situated and against the Defendants Cuscatlan Restaurant, Salvador Carbajal, and Maria Luz Galdamez based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Antonella V. Suarez demands a trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

46. Plaintiff Antonella V. Suarez re-adopts every factual allegation as stated in paragraphs 1-10, and 14-26 of this Complaint as if set out in full herein.

47. This action is brought by Plaintiff Antonella V. Suarez and those similarly situated to recover from the Employers Cuscatlan Restaurant, Salvador Carbajal, and Maria Luz Galdamez unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

48. Defendant Cuscatlan Restaurant was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Salvadorean restaurant. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

49. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by handling credit card transactions. In addition, Plaintiff regularly handled and worked on goods and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

50. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

51. Defendants Cuscatlan Restaurant, Salvador Carbajal, and Maria Luz Galdamez employed Plaintiff Antonella V. Suarez as a non-exempted, full-time, hourly restaurant employee, from November 19, 2021, through May 13, 2022, or 25 weeks.

52. Plaintiff was hired as a waitress, and she was a tipped employee paid at the rate of $6.00 an hour plus tips. The Florida minimum wage for the relevant time of employment is $6.98 an hour.

53. During her time of employment with Defendants Plaintiff had an irregular schedule, but she always worked 6 days per week a total of 47.5 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

54. While employed by Defendants failed to pay Plaintiff the required minimum cash wage rate of $6.98. Defendants paid Plaintiff $6.00 an hour. Thus, Plaintiff is entitled to be paid the full minimum wage.

55. Defendants also failed to establish a valid tip pooling agreement by retaining from Plaintiff's daily tips, the 8% to be shared with the owners and managers of the business. Plaintiff was required to turn over 8% of their daily tips to her managers. Thus, Defendants are not entitled to use the benefits of Section 3 (m) by taking a tip credit towards its minimum wage obligation.  Thus, Plaintiff must be paid the full minimum wage rate for every regular hour that she worked for Defendants.

56. Furthermore, Plaintiff was hired as a waitress and she was a tipped employee earning $6.00 an hour, less than the required minimum wage for tipped employees.  However, while employed by Defendants, every day Plaintiff performed many hours of non-tippable general restaurant and janitorial work.

Plaintiff had duties in the cash register, as a dishwasher, cleaning bathrooms, mopping floors, cleaning windows, cleaning appliances, taking phone orders, packing food orders for takeout, and delivery, preparing coffee and juices, and re-stocking supplies. These non-tippable activities were not incidental to Plaintiff's position as a waitress and represented about 40% of Plaintiff's working hours. Every week, Plaintiff spent more than 18 hours performing non-tippable activities the activities that were incorrectly paid at the rate of $6.00.

57. Consequently, Plaintiff is entitled to receive full minimum wages for at least 18 hours for every week that she worked for Defendants.

58. Plaintiff clocked in and out and Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals. Nevertheless, Plaintiff did not have access to check her total number of hours worked within a week.

59. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

60. Plaintiff was paid bi-weekly strictly in cash, without any paystub or record showing the number of days and hours worked, wage rate paid, and employee taxes withheld. Plaintiff had no access to check her number of hours worked.

61. On or about May 13, 2022, Plaintiff was fired by Defendant Maria Luz Galdamez due to discriminatory reasons. Plaintiff is in the process of filing her Charge of Discrimination with the U.S Equal Employment Opportunity Commission (EEOC).

62. The records, if any, concerning the number of hours worked by Plaintiff Antonella V. Suarez and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief. Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

63. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

64. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Florida minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a. Total amount of alleged unpaid wages:

Four Thousand Dollars and 00/100 ($4,000.00)

b. Calculation of such wages:

Total weeks of employment: 25 weeks
Relevant weeks of employment: 25 weeks
Total number of hours worked:  40 hours
Wage rate paid: $6.00 an hour
Number of non-tippable hours worked: 18 hours paid at $6.00 an hour
Florida minimum wage 2021-2022 $10.00-$6.00 rate paid= $4.00 difference

1.- Minimum wages for 22 regular hours paid at $6.00 an hour
$4.00 Diff. x 22 regular hours=$88.00 weekly x 25 weeks=$2.200.00

2.- Minimum wages for 18 non-tippable hours paid at $6.00 an hour
$4.00 Diff. x 18 non-tippable hours=$72.00 weekly x 25 weeks=1,800.00

Total #1 and #2: $4,000.00

c. Nature of wages:

This amount represents unpaid Min. wages at the Fl. Min. wage rate

65. Defendants knew and/or showed reckless disregard of the provisions of the

Act concerning the payment of minimum wages as required by the Fair Labor

Standards Act and remain owing Plaintiff and those similarly situated these

minimum wages since the commencement of Plaintiff and those similarly

situated employee's employment with Defendants, and Plaintiff and those

similarly situated are entitled to recover double damages.

66. At times mentioned, individual Defendants Salvador Carbajal and Maria Luz Galdamez were the owners/partners, and they directed operations of Cuscatlan Restaurant. Defendants Salvador Carbajal and Maria Luz Galdamez were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of Cuscatlan Restaurant concerning its employees, including Plaintiff and others similarly situated. Defendants Salvador Carbajal and Maria Luz Galdamez had financial and operational control of the business, provided Plaintiff with her work schedule, and they are jointly and severally liable for Plaintiff's damages.

67. Defendants Cuscatlan Restaurant, Salvador Carbajal, and Maria Luz Galdamez willfully and intentionally refused to pay Plaintiff minimum wages, as required by the United States law, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

68. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Antonella V. Suarez and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Antonella V. Suarez and against the Defendants Cuscatlan Restaurant, Salvador Carbajal, and Maria Luz Galdamez on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Antonella V. Suarez and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated:  July 12, 2022

Respectfully submitted,

By:  **_/s/ Zandro E. Palma_____**
ZANDRO E. PALMA, P.A.

Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*